Audren Tawaji (State Bar No. 298230)
AudrenTawaji@TheTawajiLawOffice.com
P.O. Box 3480
Truckee, California 91610
Office: (516) 443-4691
*Additional Counsel Listed in Signature Block*

*Counsel for Plaintiff and the proposed class*

# UNITED STATED DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BEN MOUZOON**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**BONFIRE ENTERTAINMENT LLC**,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, AND RESTITUTION**<br><br>1. FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF 29 U.S.C. § 201, *et seq*.<br>2. FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF CAL. LAB. CODE §§ 1197 AND 1194<br>3. FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226 AND IWC WAGE ORDER 4-2001<br>4. FAILURE TO PAY ALL WAGES OWED EVERY PAY PERIOD IN VIOLATION OF CAL. LAB. CODE § 204<br>5. UNLAWFUL AND/OR UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE §§17200-17208)<br>6. FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 AND 512<br>7. FAILURE TO PROVIDE REST PERIODS IN VIOLATION OF CAL. LAB. CODE § 226.7 AND IWC Wage Order No. 5-2001<br>8. COMMON LAW CONVERSION<br><br>JURY TRIAL DEMANDED |

Plaintiff Ben Mouzoon ("Plaintiff") brings this class action, individually and on behalf of individuals who have worked for Bonfire Entertainment LLC ("Bonfire") (referred to herein as the "Defendant") as bartenders in California. Plaintiff seeks all available relief under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. §§201 *et seq.* and California Labor Code §§ 204, 226, 227.7, 351, 512, 1194, 1194.2, 1197, seeking all unpaid wages, penalties, and reasonable attorneys' fees and costs. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made upon information and belief as to the acts of others.

## NATURE OF THE ACTION

1.     Plaintiff alleges, on behalf of himself and other current and former employees as well as those similarly situated current and former employees holding comparable positions but different titles, including bartender, employed by Bonfire, who elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) (hereinafter the "Collective" or "Collective Action Members") that they are entitled to, *inter alia*: (i) unpaid wages for all hours worked and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.* from the employer Defendant.

2.     Plaintiff also brings this action under the California Labor Code pursuant to FED. R. CIV. P. 23 on behalf of all Operators and other individuals paid by the same compensation method holding comparable positions but different titles employed by Defendant within the State of California at any time during the two years prior to the filing of this action and the date of final judgment in this action (the "California Class").  On behalf of the California Class, Plaintiff alleges that Defendant violated: Cal. Lab. Code §§ 351, 1194, 1194.2, and 1197 for failing to pay Operators for all hours worked; Cal. Lab. Code § 204 for failure to make timely payments; Cal. Lab. Code § 226 for failure to provide itemized wage statements; Cal. Lab. Code §§ 226.7 and 512 for failure to provide meal periods; and Cal. Lab. Code § 226.7 and IWC Wage Order No. 5-2001 for failure to provide break periods. Finally, Defendant's retention of the Plaintiff's and the California Class's gratuities constitutes common law conversion.

3.     Defendant intentionally misclassified Plaintiff and all other members of the Collective as independent contractors in order to willfully refuse to pay a minimum wage for all

hours worked.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b) and this Court's Federal Question Jurisdiction, 28 U.S.C. § 1331.

5.      This Court has jurisdiction over Plaintiff's California Labor claims pursuant to 28 U.S.C. § 1332(d) and pursuant to 28 U.S.C. § 1367 because they arise under the same facts, Plaintiff and the California Class members are California citizens and Defendant is a citizen of Colorado, there are more than 100 putative class members, and the amount in controversy exceeds $5 million.

6.      Venue is proper in this judicial district, pursuant to California Code of Civil Procedure § 395. Upon information and belief, Defendant regularly conducts business in this district. Furthermore, the unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California, including members of the Collective Actions and the California Class.

7.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

8.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

9.      Plaintiff, Ben Mouzoon, is an individual residing in California.

10.     During all relevant times, Plaintiff was employed by Defendant, including from 3/29/2019 through 3/31/2019 at Squaw Valley California, 4/6/2018 through 4/8/2018 at Squaw Valley California, 3/21/2017 through 3/21/2017 at Squaw Valley California, 4/1/2016 through 4/3/2016 at Squaw Valley California, and 3/20/2015 through 3/22/2015 at Squaw Valley California with the title of bartender.

11.     Like other Collective Action Members and Class Action Members, Plaintiff was misclassified as an independent contractor, and as a result, was not paid the wages which he was entitled to as an employee. The only compensation Plaintiff received came in the form of

gratuities from event attendees. However, Defendant maintained policies and practices that required its bartenders to pool all tips earned at the bar and then split them across all bartenders based on the number of hours worked.

12. Defendant, Bonfire Entertainment, LLC is a Colorado Limited Liability Company that operates and conducts business in California. Defendant Bonfire provides, *inter alia*, beverage services for festivals in California, including Winter Wondergrass.

13. At all times relevant herein, Defendant has been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

14. At all times relevant herein, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1). Further, upon information and belief, Defendant has had a gross volume of sales made, or business of at least $500,000.

15. At all times relevant herein, Plaintiff and all similarly situated Bartenders employed by Defendant were engaged in commerce or in production of goods for commerce as required by 29 U.S.C. §§ 206-207.

16. Defendant issued paychecks to Plaintiff and all similarly situated employees during their employment.

17. Defendant directed the work of Plaintiff and similarly situated employees and benefited from work performed that Defendant suffered or permitted from them.

18. Pursuant to Defendant's policies, patterns and/or practices, Defendant unlawfully: (1) misclassified Bartenders as independent contractors; (2) failed to pay the Collective and California Class the governing minimum wage in violation of the FLSA and California Labor Laws; (3) failed to pay the Collective and California Class the minimum wage for all hours worked; and (4) required that the Collective and California Class split their tips with other employees.

19.     Defendant knew or should have known that their policies were unlawful. Despite this, Defendant continue to engage in the acts described above.

## FACTUAL ALLEGATIONS

### Defendant Failed to Pay Appropriate Wages.

20.     Bonfire employed Plaintiff, and the Collective and Class Action Members, as Bartenders.

21.     Defendant intentionally misclassified Plaintiff and the Collective and Class Action Members as independent contractors.

22.     Upon information and belief, Bartenders were not paid an hourly minimum wage.

23.     The FLSA applied to Plaintiff and the Collective and Class Action Members at all times in which they worked for each Defendant, respectively. No exceptions to the FLSA or state wage and hour laws applied.

24.     Defendant maintained control, oversight, and discretion over the operations of worksites, including employment practices with respect to Plaintiff, and the Collective Action Members.

25.     Plaintiff and the Collective and Class Action Members' work as Bartenders was performed in the normal course of Defendant's business and was integrated into it.

26.     During the relevant time period, Bartenders generated income solely from customer gratuities. All gratuities earned by Plaintiff and the Collective and Class Action Members were tips, not wages or service fees.

27.     All gratuities earned by Plaintiff and the Collective and Class Action Members received were pooled and split amongst all bartenders. Plaintiff and the Collective and Class Action Members were not permitted to keep their earned tips.

28.     Plaintiff and members of the Collective and Class Action were all similarly situated tipped employees as they engaged in an occupation in which they customarily and regularly receive more than $30 a month in tips during those months when they worked for the Defendant. As Defendant's employees, each member of the class was entitled to: (i) receive the

full minimum wage due, without any tip credit, reduction or other offset, and (ii) to retain the full amount of any tips given to them by customers.

29.    Defendant's misclassification of Plaintiffs and the Collective and Class Action Members as independent contractors was designed by Defendant to deny Bartenders their fundamental right to be classified as employees and receive minimum wage. Defendant's misclassification was willful.

30.    Defendant knew or should have known that Plaintiff and the Collective and Class Action Members were improperly misclassified as independent contractors.

**Defendant Failed to Provide Meal Periods and Rest Periods**

31.    During the relevant time period, Defendant failed to advise Plaintiff and the members of the California Class of their right to receive thirty minutes of uninterrupted meal periods within the first five hours of the bartenders' shifts.

32.    Defendant's policies were such that Plaintiff and the members of the California Class could not take meal periods of 30 minutes as required by law.

33.    By requiring that Plaintiff and the members of the California Class take their meal periods on the client's premises, Defendant required Plaintiffs to take on-duty meal periods. Despite the nature of the work not necessitating on-duty meals.

34.    As a result of Defendant's failure to authorize or permit lawful meal periods, Plaintiff and the California Class members did not receive duty-free meal periods within the first five hours of their work.

35.    On occasion, Plaintiff and the members of the California Class received a "one meal voucher" valued at $10 each day that they worked for Defendant. Because these vouchers did not fully compensate employees as required by law, Defendant also violated the California Labor Code and IWC Wage Order No. 5-2001 for failing to pay Plaintiff and the California Class members meal period premiums for each workday that the Bartenders did not receive a compliant meal period.

36.    Pursuant to Labor code § 226.7 and IWC Wage Order No. 5-2001, Defendant failed to provide Plaintiff and the members of the California Class with compensated, duty-free

rest periods of not less than 10 minutes for every four hours worked.

37.     Defendant failed to have a lawful rest period policy in place that informed Plaintiff and the California Class members of their right to take rest periods for shifts of four hours or more and to make rest breaks available to the Bartenders.

38.     Plaintiff and the members of the California Class were not compensated with the one hour's worth of pay at their regular rate of compensation when they were not provided with a compliant rest period.

**Plaintiffs and the Collective/Class Action Members were, and continue to be, employees of Defendant, not Independent Contractors.**

39.     The test for determining whether an individual is an "employee" pursuant to the FLSA is the economic reality test, not subjective intent or contract. Any contract which attempts to have workers waive or abridge statutory rights to be treated as an employee under the FLSA or other applicable wage and hour laws is void, unenforceable, unconscionable, and contrary to public policy.

40.     Defendant controlled the amount Plaintiff and the Collective/Class Action Members were allowed to charge for their services, setting the price for each available drink.

41.     Defendant restricted Plaintiff and the Collective and Class Action Members' access to the premises of the festival venues.

42.     Defendant required Plaintiff and other Class Members to wear particular types of dress and maintain a certain level of grooming.

43.     Defendant instructed Plaintiff and the Collective and Class Action Members on how to dispose of waste produced by their services.

44.     Defendant instructed Plaintiff and the Collective and Class Action Members on how to check attendees' personal identification documents.

45.     Defendant prohibited Plaintiff and the Collective and Class Action Members from drinking any alcohol while on the festival premises.

46.     Defendant controlled Plaintiff's and the Collective and Class Action Members' schedules. Defendant determined the days available for work, set the schedules for each day that

Bartenders worked, required Bartenders to arrive at certain times to check in and check out of their shifts, and required Bartenders to have to available to work extended hours.

47.     Defendant required Plaintiff and the Collective and Class Action Members to be present for staff meetings, where they would receive additional directions from Defendant.

48.     Defendant suspended and fired Bartenders if they drank any alcohol on the festival premises, or if they arrived late to their scheduled shift.

49.     Defendant provided training for the use of their point of sale systems.

50.     Defendant required that Plaintiff and the Collective and Class Action Members obtain certifications prior to the start of their work.

51.     Plaintiff and the Collective/Class Action Members did not have significant control over their opportunity to generate income through gratuities. Defendant was responsible for attracting customers, advertising, and maintaining alcohol availability and pricing.

52.     Defendant's investment in the operation of each event was significantly greater than that of any Bartender.

53.     Plaintiff and the Collective/Class Action Members established permanency at the events worked for Defendant.

54.     Plaintiff Mouzoon worked for Bonfire for Five years.

55.     Plaintiff and the Collective/Class Action Members did not exercise the skill required to elevate their status to independent contractors. Bartenders were an integral part of the Defendant's businesses. Defendant's business model was dependent on the work performed by Bartenders.

56.     The totality of the circumstances surrounding Plaintiff and the Collective/Class Action Members employment with Defendant indicates economic dependence.

57.     Defendant was aware that the FLSA and state wage and hour laws applied to their business at all relevant times.

58.     Defendant required Plaintiff and the Collective/Class Action Members to sign independent contractor agreements that inaccurately presented the conditions of their employment relationship.

59.     Defendant was aware and had actual or constructive notice that under the economic reality test, Bartenders were misclassified as independent contractors.

60.     Despite this notice of their violation, Defendant intentionally failed to pay any hourly wages and chose to continue to misclassify Bartenders like Plaintiff and the Collective/Class Action Members in order to withhold payments and pool what gratuities Plaintiff and the Collective/ Class Action Members earned.

61.     Defendant's conduct and required agreements were unlawful, fraudulent, deceptive, unfair, and contrary to public policy.

## FLSA COLLECTIVE ACTION ALLEGATIONS

62.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the Collective Action Members. Plaintiff consents in writing to pursue his FLSA claim, and his written consent is attached hereto as Exhibit A.

63.     Plaintiff desires to pursue his FLSA claims on behalf of any individuals who opt into this action pursuant to 29 U.S.C. § 216(b).

64.     Plaintiff and the Collective Action members seek to represent against Defendant, in this action include:

- All individuals, who at any time from the date three years prior to the date in the Complaint in this action was originally filed continuing through the present, worked as Bartenders at events operated by Defendant Bonfire Entertainment LLC and were designated as independent contractors.

65.     Plaintiff and the Collective Action Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendant's previously described common business policies and practices and, as a result of such policies and practices, were not paid hourly wages for all hours worked and, when applicable, overtime rates for hours worked over 40.  Resolution of this action requires inquiry into common facts, including *inter alia*, Defendant's common compensation, timekeeping, and

payroll practices.

66.     Defendant violated the FLSA and the regulations promulgated thereunder, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104, because it failed to pay Plaintiff and the Collective Action Members an hourly wage and illegally pooled gratuities earned by each Collective Action Member.

67.     The similarly situated employees of the Defendant are known to Defendant, are readily identifiable, and can be located through Defendant's records.  Defendant employs many bartenders and other employees holding comparable positions but different titles throughout the United States who are compensated pursuant to Defendant's common policy regarding compensation.  These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other means, including email, and allowed to opt into it pursuant to U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

68.     There are many similarly situated current and former Bartenders who have not been paid proper wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  Thus, notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

## CALIFORNIA CLASS ACTION ALLEGATIONS

69.     Plaintiff sues on his own behalf and on behalf of the California State Law Class, pursuant to FED. R. CIV. P. 23(a), (b)(2) and (b)(3).

70.     The members of the California Class have uniformly been deprived of proper minimum wage payments for all hours worked.

71.     All requirements of Federal Rule of Civil Procedure 23 are satisfied to maintain a class action. The Class to be certified against Defendant, is defined as follows:

- All individuals, who at any time from the date three years
  prior to the date in the Complaint in this action was

originally filed continuing through the present, worked as Bartenders at events operated by Defendant Bonfire Entertainment LLC and were designated as independent contractors.

72.     Defendant violated California Labor Laws and the regulations promulgated thereunder by failing to pay minimum wages to Plaintiff and other putative members of the California State Law Class for all hours in which they worked.

73.     The California State Law Class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, these similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.   Upon information and belief, there are at least 50 members in the California Class.

74.     There are questions of law and fact common to the members of the California State Law Class that predominate over any questions solely affecting the individual members.

75.     The critical questions of law and fact common to Plaintiff and the California State Law Class that will materially advance the litigation is whether Defendant violated the FLSA and other applicable wage and hour laws by classifying all Bartenders as independent contractors as opposed to employees, and not paying them any minimum wages.

76.     Other questions of law and fact common to the California State Law Class that will materially advance the litigation include, without limitation:

   a.     Whether Defendant employed Plaintiff and members of the California State Law Class within the meaning of California Labor laws;

   b.     Whether the monies Bartenders received by event attendees are gratuities;

   c.     Whether Defendant failed to pay Plaintiff and the California Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of California Labor Code §§ 351, 1194, 1194.2, 1197;

   d.     Whether Defendant violated Labor Code §§ 226.7, 512, and IWC Wage

Order No. 5-2001 by failing to pay one hour of premium pay to Plaintiff and the California Class;

e.      Whether Defendant violated Labor Code § 226.7 and IWC Wage Order No. 5-2001 by not relieving Plaintiff and the California Class of all duties during statutorily mandated rest periods;

f.      Whether Defendant can prove that its unlawful policies were implemented in good faith;

g.      Whether Defendant is liable for all damages claimed by Plaintiff and members of the California State Law Class, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees; and

h.      Whether Defendant should be enjoined from continuing to violate California Labor Code §§ 351, 1194, 1194.2, 1197.

77.     Plaintiff's claims are typical of the claims of the members of the California State Law Class.  Plaintiff has the same interests in this matter as all other members of the California State Law Class.

78.     Plaintiff is an adequate class representative, is committed to pursuing this action, and has retained competent counsel experienced in wage and hour law and class action litigation.

79.     Class certification of Plaintiff's California Labor law claims is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the California State Law Classes, making appropriate both declaratory and injunctive relief with respect to the California State Law Class as a whole.  The members of the California State Law Class are entitled to injunctive relief to end Defendant's common and uniform policy and practice of denying the California State Law Class the wages to which they are entitled.

80.     Class certification of Plaintiff's California Labor Law claims is also appropriate pursuant to FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the California State Law Class predominate over questions affecting only individual members of the California

State Law Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

81. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

## <u>VIOLATION OF THE FAIR LABOR STANDARDS ACT</u>

82. Plaintiff, on behalf of himself and all the Collective Action Members, re-alleges and incorporates by reference the preceding paragraphs.

83. This claim arises out of Defendant's willful violation of the FLSA, 29 U.S.C. § 201, *et seq*., for failure to pay a minimum wage to Plaintiff and the Collection Action Members to which they were entitled.

84. At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

85. At all relevant times, the minimum wage provisions of the FLSA have applied to the Defendant.

86. Plaintiff Ben Mouzoon consents in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). As this case proceeds, it is likely that additional bartenders will sign consent forms and join this case as Collective Action Members.

87. 29 U.S.C. § 206 requires that Defendant pay all employees minimum wages for all hours worked.

88. At all relevant times, Defendant had policies and practices of willfully refusing to pay its bartenders the legally required amount of wages for all hours worked, in violation of the FLSA. Defendant failed to pay Plaintiff and Collective Action Members the minimum wage set forth in 29 U.S.C. §206.

89. Defendant willfully violated Plaintiff's and the Collective Action Members' rights throughout the relevant time period by intentionally misclassifying its bartenders as independent contractors.

90.     The amounts paid to Bartenders, like Plaintiff and the Collection Action Members, constituted gratuity tips, not wages or service fees. These monies were not the property of the Defendant.

91.     Defendant's conduct of failing to pay an hourly wage is a violation of the FLSA, which provides that for an employer to allocate an employee's tips to satisfy a portion of the statutory minimum wage requirements, it must satisfy the following conditions: (1) the employer must inform the tipped employer of the provision of §3(m) of 29 U.S.C. § 203(m); and tipped employees must retain all the tips received except those tips included in a tipping pool among employees who customarily receive tips. 29 U.S.C. § 203(m).

92.     Defendant did not meet either requirement of the FLSA. In fact, Defendant did not pay any hourly wages.

93.     Defendant's requirements that Plaintiff and Collective Action Members split their tips without receipt of an hourly wage are legally impermissible.

94.     As a result of the Defendant's willful failure to compensate Plaintiff and the Collective Action Members, Defendant has violated and continue to violate the FLSA.

95.     Defendant's conduct and policies as alleged herein constitute willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

96.     In addition, pursuant to 12 U.S.C. § 211(c) provides that:

Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or order thereunder.

97.     29 C.F.R. § 516.2 and 29 C.F.R. § 825.500 also required that every employer maintain payroll records containing the total hours worked by each employee each workday and the total hours worked by each employee each workweek.

98.     On information and belief, Defendant failed to maintain the records required by 12 U.S.C. § 211(c) and 29 D.F.R. §§ 516.2 and 825.500. Defendant's failure to maintain records

or furnish Plaintiff and the Collective Action Members with statements showing the hours worked constitute violations of these statutes.

99.     In the event an employer has failed to maintain records, as in the case of Plaintiff and the Collective Action Members, the burden shifts to the employer to "come forward with evidence of the precise amount of work performed or with evidence negative to the reasonableness of the inference to be drawn from the employee's evidence." When the employer fails to do so, "the court may then award damages to the employee, even though the result be only approximate." *Anderson v. Mt Clemens Pottery Co.*, 328 U.S. 680, 678-688 (1946).

100.     Due to Defendant's FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from Defendant their unpaid wages for all hours worked, the legally required amount of overtime compensation for all of the hours worked by them in excess of 40 in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b), and other relief allowed by law.

**SECOND CAUSE OF ACTION**

**<u>VIOLATION OF CAL. LAB. CODE §§ 1197 and 1194 (Failure to pay minimum wage)</u>**

101.     Plaintiff, on behalf of himself and the California Classes, re-alleges and incorporates by reference the preceding paragraphs.

102.     At all relevant times, Plaintiff and the California Class were employees of Defendant covered by Labor Code § 1197 and applicable Wage Orders.

103.     Defendant was required to pay all employees minimum wages under Labor Code § 1197, in addition to the FLSA.

104.     When applicable, Defendant was required to pay overtime rates when their employees worked beyond specific daily or weekly limits.

105.     As an employee, amounts paid by customers to Plaintiff or California Class Action member is a gratuity tip, not a wage or service fee. Pursuant to California Labor Code § 351, all monies received from festival attendees were gratuities and the sole property of Plaintiff

and the California Class Action members.

106. Defendant violated Labor Code § 351 by collecting and deducting from the gratuities earned by Plaintiff and members of the California Class.

107. Pursuant to the applicable yearly California Department of Labor and Employment's  Minimum Wage Order, Defendant was required to pay Plaintiff and the California Class Action members a tipped minimum wage for all hours worked in the past three years.

108. Defendant's conduct of not paying its bartenders any minimum hourly wages for their labor during the relevant time period constitutes a violation of the California Labor Laws.

109. Defendant willfully violated Plaintiff's rights and the rights of the California Class Action members by failing to pay them the legally required wages due to its systematic misclassification of bartenders as independent contractors, as opposed to employees.

110. As a result of Defendant's violations of Labor Code § 1197, Plaintiff and the California Class Action members were injured, damages, harmed, and incurred financial loss.

111. As a result of Defendant's willful violations of Labor Code § 1197, pursuant to § 1194 and 1194.2, Plaintiff and the California Class Action members are entitled to recover from Defendant their unpaid wages at the required legal rate for all working hours during the relevant time period, penalties, prejudgment interest, liquidated damages, and reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE § 226 AND IWC ORDER 4-2001

112. Plaintiff, on behalf of himself and the California Class, re-alleges and incorporates by reference the preceding paragraphs.

113. Defendant failed and continues to fail to provide Plaintiff and the California Class Action members timely, accurate itemized wage statements pursuant to California Labor Code § 226 and Wage Order No. 4.

114. On information and belief, Defendant has failed to provide wage statements of any kind, let alone statements that accurately reflect the hours worked and wages earned.

115.    As a result of Defendant's unlawful conduct, Plaintiff and the California Class Action members are entitled to damages and penalties under California Labor Code § 226.

### FOURTH CAUSE OF ACTION

### VIOLATION OF CALIFORNIA LABOR CODE § 204

116.    Plaintiff, on behalf of himself and the California Class, re-alleges and incorporates by reference the preceding paragraphs.

117.    At all relevant times, Plaintiff and the California Class Action members were employees of Defendant covered by California Labor Code § 204.

118.    Pursuant to Labor Code § 204, Plaintiffs and the California Class Action members entitled to receive all waged earned for the pay period on regular payday corresponding for each period.

119.    Defendant failed to pay Plaintiff and the California Class Action members for all wages earned each pay period.

120.    As a result of Defendant's unlawful conduct, Plaintiff and the California Class Action members have suffered damages.

121.    Pursuant to Labor Code §§ 218, 218.5 and 218.6, Plaintiff and the California Class Action members are entitled to recover the full amount of their unpaid wages, interest thereon, reasonable attorneys' fees, and costs.

### FIFTH CAUSE OF ACTION

### VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *et seq.*

122.    Plaintiff, on behalf of himself and the California Class, re-alleges and incorporates by reference the preceding paragraphs.

123.    Defendant's conduct, as set forth above, violates the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. ("UCL").

124.    Defendant's conduct constitutes unlawful business acts or practices, in that Defendant has violated California Labor Code §§ 351, 1194, and 1197.

125.    As a result of Defendant's unlawful conduct, Plaintiff and the California Class Action members suffered an injury in fact and lost money incurred by Defendant's failure to pay minimum wage and reduction of their earned gratuities.

126.    Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff seeks on behalf of the California Class Action members declaratory and injunctive relief for Defendant's willful conduct and to recover restitution.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7 AND 512**

127.    Plaintiff, on behalf of himself and the California Class, re-alleges and incorporates by reference the preceding paragraphs.

128.    At all relevant times herein, California Labor Code § 512(a) provides that: An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

129.    California Labor Code § 226.7 requires an employer to pay an additional hour of compensation for each meal period the employer fails to provide in accordance with the applicable statute or Industrial Commission Wage Order.

130.    As alleged above, Defendant failed to provide Plaintiff and the California Class Action members with meal periods or the required additional compensation. Defendant's meal policies and practices constitute violations of California Labor Code § 226.7 and 512.

131.    Pursuant to California § 226.7, Plaintiff and the California Class Action members are entitled to damages in the amount of one hour of wages per missed meal period.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA LABOR CODE**

**§ 226.7 AND IWC WAGE ORDER 5-2001**

132.    Plaintiff, on behalf of himself and the California Class, re-alleges and incorporates by reference the preceding paragraphs.

133.    At all relevant times herein, pursuant to IWC Wage Order 5-2001, an employer must authorize and permit all employees to take ten (10) minute duty-free rest periods for every four hours worked. Labor Code § 226.7 provides that "an employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission."

134.    As alleged above, Defendant failed to provide Plaintiff and the California Class Action members with the required rest periods. Defendant's rest policies and practices constitute violations of California Labor Code § 226.7 and IWC Wage Order 5-2001.

135.    Pursuant to California Labor Code § 226.7, Plaintiff and the California Class Action members are entitled to damages in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide duty-free rest periods as required by California law.

**EIGHTH CAUSE OF ACTION**

**COMMON LAW CONVERSION**

136.    Plaintiff, on behalf of himself and the California Class, re-alleges and incorporates by reference the preceding paragraphs.

137.    Defendant failed to give Plaintiff and the California Class Action members all gratuities from festival attendees in return for their bartending services.

138.    Defendant's assumed control and ownership over Plaintiff's and the California Class Action members' gratuities constitutes common law conversion.

139.    Defendant's retention of Plaintiff's and the California Class Action members' gratuities caused them significant financial harm.

140.     Defendant's retained these gratuities with malice, oppression, and/or conscious disregard for the statutory rights of Plaintiff and the California Class Action members.

141.     Pursuant to California Civil Code § 3294 *et seq.*, Plaintiff and the California Class Action members are entitled to damages, including punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Collective Action Members are entitled to and pray for the following relief:

a.     Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Action Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b.     Certification of the California State Law Class as a class action pursuant to FED. R. CIV. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff and his counsel to represent the members of the California State Law Class;

c.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and California labor laws;

d.     A declaratory judgment stating that Plaintiff and the Members of the Class are employees of Defendant and that correspondingly Defendant is the employer of such individuals;

e.     An injunction requiring Defendant to cease its unlawful practices under, and comply with California labor laws;

f.     An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay under the FLSA, and California labor laws, using the following common methodology for calculating

1    damages:  ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours

2    Worked x 1.5;

3    g.    For compensatory and actual damages;

4    h.    For all backpay, unpaid wages, and a refund of all tips paid by Plaintiff and the

5    members of the Class to Defendant and its employees;

6    i.    For restitution of all monies due Plaintiff and the Class and disgorged profits

7    from the unlawful business practices of Defendant;

8    j.    An award of liquidated damages, punitive damages, penalties, and /or other relief

9    allowed pursuant to 29 U.S.C. § 216, and California labor laws;

10   k.    An award of damages representing the employer's share of FICA, FUTA, state

11   unemployment insurance, and any other required employment taxes;

12   l.    An award of prejudgment and post-judgment interest;

13   m.    An award of costs and expenses of this action together with reasonable attorneys'

14   and expert fees and an award of a service payment to the Plaintiff; and

15   n.    Such other and further relief as this Court deems just and proper.

16   **DEMAND FOR TRIAL BY JURY**

17   The Plaintiff hereby requests a trial by jury.

18   Respectfully Submitted:

19

20   Dated ___3/24/2020_____                    /s/   Audren Tawaji

21   Audren Tawaji (State Bar No. 298230)

22   AudrenTawaji@TheTawajiLawOffice.com
     P.O. Box 3480

23   Truckee, California 96161
     Office: (516) 443-4691

24

25   Esfand Y. Nafisi (State Bar No. 320119)
     enafisi@classlawdc.com

26   MIGLIACCIO & RATHOD LLP
     388 Market Street, Suite 1300

27   San Francisco, California 94111
     Office: (415) 489-7004

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Nicholas Migliaccio, *pro hac vice forthcoming*
Jason Rathod, *pro hac vice forthcoming*
MIGLIACCIO & RATHOD LLP
412 H Street NE, Suite 302
Washington, D.C. 20002
Office: (202) 470-3520

*Counsel for Plaintiff and the proposed class*